J-S01032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAFAEL HERNANDEZ | : | |
| | : | |
| Appellant | : | No. 918 MDA 2020 |

Appeal from the PCRA Order Entered June 4, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003319-1998

BEFORE:   LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JANUARY 25, 2021**

Appellant, Rafael Hernandez, appeals *pro se* from the order entered in the Court of Common Pleas of Berks County dismissing his serial petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing, on the basis it was untimely filed. After a careful review, we affirm.

The relevant facts and procedural history have been set forth previously by this Court, in part, as follows:

> [Appellant] entered a guilty plea on May 4, 1999[,] to First Degree Murder and was sentenced on the same day to life imprisonment by the Honorable Forrest G. Schaeffer ("Trial Court"). [Appellant] was represented by Attorney Kimberly Miles and Attorney James Polyak (collectively "Plea Counsel") for all pretrial and guilty plea matters. [An untimely] post-sentence motion was filed by Plea Counsel on May 17, 1999. The motion

_____

[*] Former Justice specially assigned to the Superior Court.

requested that [Appellant] be allowed to withdraw his guilty plea and also for appointment of new counsel based on [Appellant's] claims of alleged ineffectiveness. On May 20, 1999[,] the Trial Court denied the motion to withdraw [Appellant's] guilty plea. The Trial Court also appointed Attorney Gail Chiodo ("PCRA Counsel") to review [Appellant's] claims that Plea counsel provided ineffective assistance during the guilty plea colloquy. No direct appeal was filed with the Pennsylvania Superior Court on [Appellant's] behalf.

PCRA Counsel filed a "No Merit" Letter on March 24, 2000, pursuant to the procedures set forth in ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988), and ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988). A Notice of Intent to Dismiss was sent to [Appellant] on March 29, 2000[,] and an order of dismissal was filed on June 2, 2000. [Appellant] filed a notice of appeal to [this Court] and Attorney Michael Dautrich ("PCRA Conflict Counsel") was appointed. PCRA Conflict Counsel filed an Amended PCRA Petition on January 9, 2001[,] seeking to have [Appellant's] direct appeal rights reinstated *nunc pro tunc*. [After an evidentiary hearing, the parties stipulated that PCRA Counsel failed to file an appeal per Appellant's request.] [This Court] reviewed the appeal on the merits and held that Plea Counsel was not ineffective and [Appellant's] guilty plea was knowingly, voluntarily, and intelligently given.

***

[Appellant] filed his second PCRA petition on October 24, 2002. The petition was denied on February 4, 2003. [Appellant] filed an appeal to [this Court]. [This Court] affirmed [the] dismissal and held that [Appellant's] second [PCRA] petition was untimely. [Appellant's] third PCRA petition was filed on May 16, 2007[,] and dismissed as untimely by the [PCRA court]. The dismissal was upheld by [this Court].

On April 23, 2012, Appellant filed [another] PCRA petition, and on April 27, 2012, he filed a supplemental "Memorandum of Law in Support of Post-Conviction Petition." On December 31, 2012, the PCRA court denied the PCRA petition[, and Appellant filed an appeal to this Court].

***Commonwealth v. Hernandez***, 79 A.3d 649, 650-51 (Pa.Super. 2013)

(citations and footnotes omitted).

- 2 -

On August 28, 2013, this Court affirmed the denial of Appellant's PCRA petition. *See id.* Appellant did not file a petition for allowance of appeal with our Supreme Court.

On December 7, 2016, Appellant filed a *pro se* petition seeking the reinstatement of his appeal rights *nunc pro tunc*, and after giving notice of its intent to treat Appellant's petition under the auspices of the PCRA and dismiss the petition without an evidentiary hearing, on January 17, 2017, the PCRA court dismissed the petition. Appellant did not file an appeal to this Court.[1]

On January 14, 2019, Appellant filed the instant *pro se* PCRA petition.[2] On April 28, 2020, the PCRA court provided Appellant with notice of its intent to dismiss the petition without an evidentiary hearing on the basis it was untimely filed. Appellant filed no response, and on June 4, 2020, the PCRA court dismissed Appellant's PCRA petition. This timely *pro se* appeal followed. All Pa.R.A.P. 1925 requirements have been sufficiently met.

_____

[1] On or about May 21, 2018, Appellant filed a *pro se* petition seeking "the reinstatement of his appeal rights," and the PCRA court denied the petition, noting it was untimely filed and sought the same relief as Appellant's December 7, 2016, petition.

[2] The envelope in which Appellant mailed his *pro se* document contains a postmark of January 14, 2019. Accordingly, although Appellant's *pro se* document was entered on the docket on January 17, 2019, we shall deem it to have been filed on January 14, 2019, when it was handed to prison officials. *See Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (Pa.Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.").

On appeal, Appellant sets forth the following issues in his "Statement of the Questions Presented" (verbatim):

1). Did the Trial Court erred [*sic*] in denied [*sic*] the Appellant a relief based on a defective Colloquy where it had not indicated the Appellant's awareness of the crimes charged and the plea taken by Appellant under his Counsel's advice?

2). Did the Court failed [*sic*] to find trial counsel ineffective for failing to correct the oral Colloquy given by the trial Judge before the defendant could understand the nature of his Guilty Plea in order to establish that it was counsel's advice to defendant to plead guilty and it was not voluntarily, known [*sic*], or intelligently made by defendant?

3). Did the Court failed [*sic*] to find Appellate Counsel ineffective for failing to file a timely direct appeal after Appellant asked his counsel to file his direct appeal but Counsel did not file such appeal and the Superior Court erroneously treated the Direct Appeal as an untimely Post Motion (PCRA)?

4). Did the Court erred [*sic*] in imposing a Life Imprisonment Without The Possibility of Parole Sentence not taking in consideration that Appellant was a first time offender never convicted of murder, and a sentence of legality is implicated and may be addressed as a matter of right and impose pursuant to Statute 42 Pa.C.S.A. § 9715?

5). Did the Court erred [*sic*] by imposing such an illegal sentence of Life Imprisonment Without The Possibility of Parole which is a Constitutional violation to due process of law, pursuant to the U.S. Constitution Amendments 5 & 14 as well as the Pennsylvania Constitution, Article 1, Section 9?

6). Cumulative ineffectiveness of Counsel errors:

Petitioner hereby asks that all issues presented herein be considered cumulatively for counsel's ineffectiveness as a whole.

7). The Appellant is unsure of the precise reasoning for its imposition of the judgment of sentence imposed May 4, 1999, and the Appellant reserves the right to argue any additional errors that may be raised by the trial court's opinion in this matter.

Appellant's Brief at 10-11.

Initially, we note the following:

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted).

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[3] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted).

In the case *sub judice*, as this Court has previously held: "Appellant's judgment of sentence became final on June 4, 1999, thirty days after the trial court imposed the judgment of sentence and Appellant failed to file a direct appeal with this Court." *Hernandez*, 79 A.3d at 652 (citing 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a)). Appellant filed the instant PCRA petition on January 14, 2019, and therefore, it is patently untimely.

As indicated *supra*, under limited circumstances, a petitioner may invoke a timeliness exception under which the late filing of a petition will be excused.

---

[3] 42 Pa.C.S.A. § 9545(b)(2) previously provided that a petition invoking a timeliness exception was required to be filed within sixty days of the date the claim could first have been presented. However, effective December 24, 2018, the legislature amended Subsection 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." *See* 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). The amendment to Subsection 9545(b)(2) only applies to "claims arising on [December] 24, 2017, or thereafter." *See id.*, cmt. Appellant filed the instant PCRA petition on January 14, 2019.

42 Pa.C.S.A. § 9545(b)(1). However, in the case *sub judice*, Appellant does not recognize in his appellate brief that his PCRA petition was untimely filed, and he has not presented any argument attempting to invoke a timeliness exception under Section 9545(b)(1).

Accordingly, we affirm the PCRA court's dismissal of Appellant's instant PCRA petition.[4]

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/25/2021

_____

[4] To the extent Appellant presents various claims of ineffective assistance of counsel in connection with the entry of his guilty plea, we note "the well-settled proposition that couching post-conviction issues in terms of ineffectiveness cannot 'save' an untimely filed PCRA petition that does not fall into any of the exceptions to the PCRA's jurisdictional time bar." **Commonwealth v. Robinson**, 635 Pa. 592, 139 A.3d 178, 182 (2016) (citing **Commonwealth v. Gamboa–Taylor**, 562 Pa. 70, 753 A.2d 780, 785 (2000) (holding that an allegation that PCRA counsel was ineffective for failing to present available claims does not excuse compliance with the timeliness requirements of the PCRA)). Moreover, to the extent Appellant contends his sentence is illegal, we recognize that "while legality of sentence is always subject to review within the PCRA, claims must still satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 558 Pa. 313, 737 A.2d 214, 223 (1999) (citation omitted).